UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 07-3557 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.　SUMMARY

On June 4, 2007, plaintiff James Davis ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 7, 2007 Case Management Order, ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed adequately to address plaintiff's credibility and this Court cannot find such error harmless.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 27, 2004, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 65-72). Plaintiff asserted that he became disabled on August 17, 1994, due to back surgery, limited movement, stiffness, high blood pressure, anxiety and chronic bronchitis. (AR 65, 70, 95). Plaintiff's last insured date was December 31, 1999. (AR 13, 63).[1]

The Social Security Administration denied plaintiff's applications initially and upon reconsideration. (AR 40-41, 45-49, 53-62).[2] An ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on July 11, 2006. (AR 396-412).

On July 27, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 14). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: reduced respiratory

---

[1] In order for plaintiff to be eligible for disability benefits, plaintiff must establish that he became disabled and therefore unable to engage in substantial gainful activity prior to the expiration of his insured status. See 42 U.S.C. § 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. § 404.131; see also Vertigan v. Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed").

[2] The Administration denied plaintiff's Supplemental Security Income application because plaintiff reported resources worth more than $2,000. (AR 54, 66). Plaintiff does not appear to have appealed this decision. (AR 43-44, 53).

function and back pain (AR 17); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 14, 17); (3) plaintiff could perform a significant range of light work (AR 16, 17);[3] (4) plaintiff could not perform his past relevant work (AR 17); (5) there were a significant number of jobs in the national economy that plaintiff could perform (AR 18); and (6) plaintiff's allegations regarding his limitations were not totally credible.  (AR 17).

The Appeals Council denied plaintiff's application for review.  (AR 4-6).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

///
///

---

[3] Specifically, the ALJ determined that plaintiff:  (i) could lift objects weighing up to 20 pounds occasionally and ten pounds frequently; (ii) required a sit/stand option; and (iii) could not be exposed to respiratory irritants, such as extremes of temperature, fumes, dusts, or strong odors.  (AR 15).

|   |     |     |
|---|-----|-----|
| 1 | (2) | Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three. |
| 4 | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| 8 | (4) | Does the claimant possess the residual functional capacity to perform his past relevant work?[4] If so, the claimant is not disabled. If not, proceed to step five. |
| 11 | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

---

[4]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**C.    Standards Governing Assessment of Claimant's Credibility**

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. § 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated).

To reject a claimant's testimony regarding pain and other subjective symptoms as not credible, an ALJ is minimally required to make "specific, cogent" findings, supported in the record, to justify the ALJ's determination.  See Robbins, 466 F.3d at 883; Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically

5

identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"). Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, the ALJ may reject a claimant's testimony regarding the severity of symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. Robbins, 466 F.3d at 883; Moisa, 367 F.3d at 885; Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). Id. (citations omitted).

The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. To find the claimant not credible, an ALJ must rely on (1) reasons unrelated to the subjective testimony (e.g., reputation for dishonesty); (2) internal contradictions in the testimony; or (3) conflicts between the claimant's testimony and the claimant's conduct (e.g., engaging in daily activities inconsistent with the alleged symptoms, maintaining work inconsistent with the alleged symptoms, failing, without adequate explanation, to take medication, to seek treatment or to follow prescribed course of treatment). Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007); Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Thomas v. Barnhart, 278 F.3d 947, 950 (9th Cir. 2002); SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in the ALJ's credibility assessment. Burch, 400 F.3d at 681. (citations omitted).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger, 464 F.3d at 972. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

## IV.  DISCUSSION

Plaintiff contends, inter alia, that the ALJ did not properly assess plaintiff's subjective complaints when determining plaintiff's residual functional capacity. (Plaintiff's Motion at 7-10).  This Court agrees that the ALJ failed adequately to address plaintiff's credibility.

### A.    Plaintiff's Subjective Complaints

At the hearing, plaintiff testified to the following:

He stopped working in August of 1994 due to a work-related back injury. (AR 399).  He underwent two back surgeries in 1995 and 2000.  (AR 399-400). The first surgery gave plaintiff relief for about a year or two before plaintiff's symptoms returned.  (AR 175-98, AR 406-07).  Plaintiff could not do any "real heavy lifting," his bending was limited, and his side movement was limited.  (AR 406).  He also suffered from chronic bronchitis with shortness of breath and hypertension.  (AR 400, 409).

In 1999, he could walk for one block, and could stand or sit at most for about 10 or 15 minutes before having to change positions.  (AR 402-03).  He was in constant pain and had severe cramping on the right side of his body – from his lower back down to his calf, with tingling in his toes.  (AR 400-02).  Because of his pain medication, he napped during the day quite a bit – sometimes two to three times a day – generally for an hour or two, but sometimes for three hours.  (AR 405).

Plaintiff lived in an apartment with a roommate where he spent his days watching television, building model cars and airplanes, sleeping, and sometimes walking up the block for exercise.  (AR 403-05).  Plaintiff could cook his meals, do his dishes and his laundry (with someone helping him carry his laundry baskets), and he could vacuum.  (AR 404).  Plaintiff drove himself to his doctor's appointments, to physical therapy appointments and to the store.  (AR 404).

**B.     The ALJ Materially Erred in Rejecting Plaintiff's Allegations Without Making Adequate Findings**

As a threshold matter, the Court notes that the ALJ appears to have determined that plaintiff had medically determinable impairments that could reasonably cause the symptoms assertedly suffered by plaintiff.  (AR 14) ("The claimant's allegations of back pain with radiculopathy seem well-founded in light of the objective evidence of spinal dysfunction.").  The ALJ did not find that plaintiff was "malingering."  Accordingly, based upon the authorities cited above, the ALJ was required to make specific findings stating clear and convincing reasons for rejecting any of plaintiff's allegations regarding the severity of his symptoms.

**1.     The ALJ's Discussion of Plaintiff's Allegations**

Here, the ALJ expressly referred to plaintiff's allegations/testimony on four occasions in the body of the decision, and on one occasion in the ALJ's findings.

First, as noted above, the ALJ pointed to plaintiff's "well-founded" allegations of back pain with radiculopathy, suggesting that the ALJ accepted plaintiff's allegations.  (AR 14).

Second, the ALJ referred to plaintiff's testimony that plaintiff had recurrent bronchitis that was treated with shots that were effective.  (AR 14).  As the ALJ cited such testimony in support of the ALJ's conclusion that the "records also indicates that the claimant had some respiratory problems," the ALJ also appears to have found this testimony to be credible.

Third, the ALJ pointed to "the claimant's statements of what he was able to do" as being consistent with the ALJ's finding that plaintiff could "perform light work, or work involving lifting objects weighing up to 20 pounds occasionally and ten pounds frequently. . . was limited in his requirement for a sit/stand option and [could have] no exposure to respiratory irritants, such as extremes of temperature, fumes, dusts, or strong odors."  (AR 15).

1    Fourth, the ALJ expressly noted that the ALJ had "considered the credibility
2 of the claimant[,]" pointing to plaintiff's alleged testimony that "he might have
3 been able to perform work if he could alternate between sitting and standing[,]"
4 and plaintiff's alleged statements to his orthopedist that "he limited his lifting to
5 15 or 20 pounds and avoid[ed] prolonged sitting and standing, due to pain
6 exacerbation." (AR 15).  The ALJ characterized such allegations as "really very
7 consistent with the residual functional capacity adopted here." (AR 15).
8    Finally, in the ALJ's findings, the ALJ stated: "The undersigned finds the
9 claimant's allegations regarding his limitations are not totally credible for the
10 reasons set forth in the body of the decision." (AR 17).

### 2. Analysis

As is apparent from a review of the ALJ's discussion of plaintiff's allegations, the ALJ's ultimate finding regarding plaintiff's lack of credibility is at odds with the ALJ's discussion of plaintiff's allegations in the body of the decision.  On the four occasions in the body of the decision when the ALJ references the plaintiff's allegations or testimony, the ALJ purports to agree with plaintiff, and to find plaintiff's allegations consistent with the other evidence and the ALJ's own findings.  The ALJ's conclusory finding at the end of the decision that plaintiff lacks credibility, is inconsistent with the ALJ's discussion in the body of the decision, and is wholly unsupported as, contrary to the ALJ's suggestion, the ALJ's reasons for discrediting the plaintiff's allegations are not set forth in the body of the decision and are not discernible from a review of such decision.  If the ALJ disbelieved any part of plaintiff's testimony, the ALJ should have specified which part of plaintiff's testimony was unworthy of belief and should have stated clear and convincing reasons for discounting it.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) ("General findings are insufficient; rather, the ALJ must identify which testimony is not credible.").  Accordingly, on

this record, the Court cannot say that the ALJ adequately addressed plaintiff's subjective complaints.

Instead, based upon the hypothetical questions posed to the vocational expert, and the ALJ's residual functional capacity determination, it appears that the ALJ either rejected or overlooked plaintiff's testimony that: (1) he could sit or stand for no more than 15 minutes before having to change positions; (2) he suffered from a fatigue side effect of the pain medication which caused him to sleep during the day; and (3) he suffered from severe cramps prior to the date last insured. While the vocational expert testified that a person having the limitations the ALJ found to exist could perform jobs existing in the national economy, the expert did not testify that a person with the additional limitations suggested by plaintiff, but not addressed by the ALJ (e.g., a limitation of being able to sit or stand for no more than 15 minutes before having to change positions, the need to nap multiple times during the day as a result of pain medication), could work. (AR 411-12). The vocational expert affirmatively testified that a person who needed to take two to three unscheduled breaks for 20 to 30 minutes each a day to rest, could not work. (AR 411-12). Accordingly, this Court cannot find the ALJ's failure adequately to address plaintiff's subjective complaints harmless. A remand is therefore appropriate.[5]

///
///
///
///

---

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).

1  **V.    CONCLUSION**[6]

2       For the foregoing reasons, the decision of the Commissioner of Social
3  Security is reversed in part, and this matter is remanded for further administrative
4  action consistent with this Memorandum Opinion and Order of Remand.
5       LET JUDGMENT BE ENTERED ACCORDINGLY.
6  DATED:   September 17, 2008

                                            /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[6]The Court need not and has not adjudicated plaintiff's other challenges to the ALJ's decision except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.